UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:04-cr-0124-JMS-TAB |
| | ) | |
| WILLIAM SEBREE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinon, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on February 16, 2018, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on March 20, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 20, 2018, defendant William Sebree appeared in person with his appointed counsel, Michael Donahoe.  The government appeared by James Warden, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Felecia White, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Sebree of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Sebree questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Sebree and his counsel, who informed the court they had reviewed the Petition and that Mr. Sebree understood the violations alleged. Mr. Sebree waived further reading of the Petition.

3. The court advised Mr. Sebree of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Sebree was advised of the rights he would have at a preliminary hearing. Mr. Sebree stated that he wished to waive his right to a preliminary hearing.

4. Mr. Sebree stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Sebree waived preliminary hearing.

5. The court advised Mr. Sebree of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Sebree, by counsel, stipulated that he committed Violation Numbers 1 and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | On February 8, and 12, 2018, the offender submitted urine samples which tested positive for cocaine. He admitted using cocaine, his last occurrence being on February 7, 2018. |
| | As previously reported to the court, the offender tested positive for spice on July 6, 2017, and marijuana on August 24, 2017. |
| 2 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.)."** |
| | The offender has failed to attend substance abuse treatment as instructed. He was referred for treatment in October 2017, and was instructed to attend 4 hours of group treatment per month. To date, the offender has attended less than 5 sessions. |

7. After ensuring that Mr. Sebree was knowingly and voluntarily waiving his right to a hearing on the alleged violations, the court placed Mr. Sebree under oath and directly inquired of Mr. Sebree whether he admitted Violation Numbers 1 and 2 of his supervised release set forth above. Mr. Sebree admitted the violations as set forth above.

8. The government moved to dismiss Violation Numbers 3, 4, and 5 and the same granted.

9. The parties and the USPO further stipulated:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Sebree's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of Mr. Sebree's supervised release, therefore, is 4 - 10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended a sentence of seven (7) months with no supervised release to follow. Defendant requested a recommendation of placement at FCI Terre Haute, Satellite Camp or FCI Milan.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, WILLIAM SEBREE, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of seven (7) months with no supervised release to follow. The defendant will self-report to the Bureau of Prisons upon designation. The defendant is released on his current conditions of supervised release pending the district court's action on this Report and Recommendation. The Magistrate Judge will recommend placement at FCI Terre Haute, Satellite Camp or FCI Milan.

Counsel for the parties and Mr. Clark stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Sebree entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

    WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Sebree's supervised release, imposing a sentence of imprisonment of seven (7) months with no supervised release to follow.  The defendant will self-report to the Bureau of Prisons upon designation.  The defendant is released on his current conditions of supervised release pending the district court's action on this Report and Recommendation. The Magistrate Judge will recommend placement at FCI Terre Haute, Satellite Camp or FCI Milan.

    IT IS SO RECOMMENDED.

Date: 3/23/2018

                                  Debra McVicker Lynch
                                  United States Magistrate Judge
                                  Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal